Filed 3/23/21  P. v. Castillo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL AYALA CASTILLO,<br><br>　　Defendant and Appellant. | B306026<br><br>(Los Angeles County<br>Super. Ct. No. VA145805) |

　　APPEAL from an order of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Dismissed.

　　Jonathan Bremen, under appointment by the Court of Appeal, for Defendant and Appellant.

　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.

After a jury convicted defendant Rafael Ayala Castillo (defendant) of first degree murder, the trial court sentenced him to 50 years to life in prison and imposed various fines and fees. On direct appeal, defendant's attorney filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) raising no issues, but defendant then filed a supplemental brief raising issues unrelated to the fines and fees imposed as part of his sentence. (*People v. Castillo* (Apr. 9, 2020, B295209 [nonpub. opn.])) While defendant's direct appeal was pending, his attorney also filed a motion in the trial court seeking to vacate his fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which the trial court denied. We consider whether we have jurisdiction to decide defendant's appeal from that denial.

## I. BACKGROUND

A jury convicted defendant of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true several firearm enhancements alleged under section 12022.53. The trial court sentenced defendant to serve 50 years to life in prison and imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a restitution fine of $300 (§ 1202.4, subd. (b)). The trial court also ordered defendant to pay direct victim restitution (§ 1202.4, subd. (f)) in the amount of $9,837.

On direct appeal, defendant's attorney initially filed an opening brief challenging only the assessments and restitution fine. When the Attorney General argued the appeal should be

---

[1]     Undesignated statutory references that follow are to the Penal Code.

dismissed because defendant failed to exhaust available remedies in the trial court, defendant's attorney moved to withdraw the opening brief and replace it with a *Wende* brief that raised no issues. We granted the motion. Defendant, however, then personally filed a supplemental brief in which he argued, among other things, there was no evidence of premeditation and deliberation to support a first degree murder conviction, the jury should have been instructed on voluntary manslaughter, and he was entitled to an interpreter in out-of-court meetings with his trial counsel. We issued an opinion affirming the judgment that briefly discussed and rejected each of these contentions. (*People v. Castillo* (Apr. 9, 2020, B295209 [nonpub. opn.].)

In January 2020, defendant filed a motion in the trial court pursuant to section 1237.2 seeking to vacate the assessments and stay the restitution fine unless and until the court held a hearing regarding his ability to pay. The trial court summarily denied the motion on March 25, 2020, while defendant's direct appeal was still pending in this court.

## II. DISCUSSION

Section 1237.2 states defendants may not challenge fines or fees on appeal unless they "first make[ ] a motion for correction in the trial court . . . . The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the *sole issue* on appeal." (§ 1237.2, emphasis added.)

3

We invited supplemental briefing on the question of whether we must dismiss this appeal for lack of jurisdiction because defendant's supplemental brief in the previous appeal raised issues unrelated to fines and fees—thus depriving the trial court of its jurisdiction to consider his motion under section 1237.2. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*) ["If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed"].)

Defendant argues dismissal is not required because his supplemental brief did not raise any issues for purposes of section 1237.2 because we concluded no arguable issues existed. But the "sole issue" clause of section 1237.2 is not limited to arguable issues, and we were required to consider and resolve the contentions raised in defendant's supplemental brief. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110 ["Because the defendant in a *Wende* appeal has a right to file supplemental contentions, the Court of Appeal must consider these contentions in the course of disposing of the cause"].) Section 1237.2's purpose of promoting judicial economy is not served by permitting the trial court to consider a challenge to fines and fees while other issues are simultaneously pending before the Court of Appeal. (See *Torres*, *supra*, 44 Cal.App.5th at 1086-1087 [emphasizing judicial economy as "[a] primary impetus for section 1237.2"].)

We are also unpersuaded by defendant's assertion that our construction of 1237.2 produces "absurd" consequences. Contrary to what he now claims, defendant did not face a dilemma of either challenging fines and fees or raising other issues in his supplemental brief. When defendant raised issues unrelated to

4

fines and fees in his supplemental brief, section 1237.2's condition that fines and fees must first be challenged in the trial court no longer applied: Defendant could have himself raised—or his attorney could have sought leave to raise—the issue of fines and fees. Regardless, even if the dilemma defendant posits were real, it still is not absurd. There are often consequences for procedural choices in litigation, and defendant is not immune from those consequences simply because he elected to pursue a strategy that was apparently different from the strategy his court appointed lawyer sought to implement. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 ["[M]ere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.